# In the United States District Court
## for the Southern District of Georgia
### Waycross Division

SEDIK MOHAMMED ABUBAKARI,

      Petitioner,

    v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

      Respondent.

5:25-cv-123

## ORDER

Petitioner Sedik Abubakari ("Abubakari"), who is detained at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Dkt. No. 1. Respondent filed a Motion to Dismiss, as supplemented. Dkt. Nos. 6, 11. For the following reasons, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES as moot** Abubakari's Petition. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Abubakari leave to appeal *in forma pauperis.*

## BACKGROUND

Abubakari contends that he is being detained, in violation of his constitutional and statutory rights. Dkt. No. 1 at 10. Respondent filed a Motion to Dismiss, stating that Abubakari is an "arriving alien" within the meaning of 8 U.S.C. § 1225(b)(1) and,

thus, is properly detained based on that statute.  Dkt. No. 6 at 2.  The Magistrate Judge then directed the parties to provide any argument and facts they wish the Court to consider in this case, using his analysis from the Report and Recommendation in Alekhin v. Warden, Case Number 5:25-cv-58.  Dkt. No. 10.  In response, Respondent filed a "Supplemental" Motion to Dismiss.  Dkt. No. 11.  Respondent states that, since he filed the original Motion to Dismiss, the Board of Immigration Appeals ("BIA") dismissed Abubakari's appeal, and he is subject to a final order of removal under 8 U.S.C. § 1231(a).  Id. at 1.  Respondent asserts that the underlying basis of Abubakari's Petition—unlawful detention under § 1225(b)(1)—is now moot because he is no longer detained under § 1225(b).  Id.  As a result, Respondent states, the Court should dismiss or deny Abubakari's Petition.  Id. at 2.

## DISCUSSION

### I.   Abubakari's Petition Is Now Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010)

2

(internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'"  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189-90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "Events which occur subsequent to the filing of a petition may render the matter moot."  Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Abubakari challenges his prolonged detention under § 1225(b)(1) and was not yet being detained under § 1231(a) at the

time he filed his Petition.  Dkt. No. 1.  He is now being detained under § 1231(a) because he has a final order of removal in place. Dkt. No. 11 at 1.  The order of removal became "final" on April 29, 2026, and Abubakari is mandatorily detained based on the 90-day "removal period" of § 1231(a).  8 U.S.C. § 1231(a)(1)(A), (B), & (a)(2)(A) (describing the 90-day removal period and noting detention is mandatory during this period); <u>see also</u> Dkt. No. 11 at 6 (quoting same).  Abubakari's mandatory detention period will not expire until July 28, 2026.  Abubakari does not dispute this.[1] Accordingly, there is no longer a "live controversy" over which the Court can give meaningful relief.  <u>Friends of Everglades</u>, 570 F.3d at 1216.  Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss, as supplemented, and **DENIES as moot** Abubakari's Petition for Writ of Habeas Corpus.

## II.  **Leave to Appeal *in Forma Pauperis***

The Court also denies Abubakari leave to appeal *in forma pauperis*.  Though Abubakari has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  <u>See</u> Fed. R. App. P. 24(a)(3) (noting trial court

---

[1]  Abubakari's Response at Docket Number 12 is his response to the Magistrate Judge's June 11, 2026 Order, not his opposition to Respondent's Supplemental Motion to Dismiss.  The Court **DIRECTS** the Clerk of Court to amend the docket text for this entry to reflect this.  But even if the Court considered this filing to be Abubakari's response to the Supplement, he fails to refute Respondent's assertions in his Supplement.  In fact, Abubakari largely acknowledges that the facts and governing law have changed given the final removal order.

may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Abubakari *in forma pauperis* status on appeal.

5

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Respondent's Motion to Dismiss, as supplemented, and **DENIES as moot** Abubakari's Petition. Dkt. Nos. 1, 6, 11. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Abubakari leave to appeal *in forma pauperis*.

**SO ORDERED**, this ___2___ day of July, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA